# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL I. GOLDBERG,**

                **Plaintiff,**

**-vs-**                                     **Case No.  6:05-cv-1374-Orl-18JGG**

**OTIS D. LANE,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 13)** |
| **FILED:** | **May 25, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.    INTRODUCTION

On September 19, 2005, Plaintiff Michael Goldberg ("Plaintiff"), acting as receiver for W.L. Ware Enterprises and Investments, Inc., sued Defendant Otis D. Lane ("Defendant") to recover funds that Lane allegedly received from an illegal "Ponzi" scheme.  Docket No. 1.

On January 10, 2006, Plaintiff requested an extension of time to serve Defendant, claiming that the process server had been unable to contact Defendant at his last known residential address, an apartment on South Broadway Street in Los Angeles, California.  Docket No. 8.  The Court gave Plaintiff an additional sixty days to serve process.  Docket No. 9.  On March 16, 2006, Plaintiff requested a second extension of time to serve Defendant.  Docket No. 10.  In Plaintiff's second

motion, Plaintiff stated that it believed that Defendant's current mailing address was at a UPS Store located on South Figueroa Street in Los Angeles. Docket No. 10. The Plaintiff was working with a local process server to determine whether service was properly effected and, if not, whether alternate service would be required. *Id*. The Court, therefore, gave Plaintiff an additional 120 days to effect service of process. Docket No. 11.

Plaintiff filed a return of service showing that, on May 3, 2006, the process server left a copy of the summons and complaint with the assistant manager of the UPS Store on Figueroa Street and also mailed copies to Plaintiff at the same address. Docket No. 12. Defendant has not answered or otherwise responded to the complaint. Plaintiff now moves for entry of clerk's default against Defendant. Docket No. 13.

II.    **THE LAW**

Rules 4(d) and (e) of the Federal Rules of Civil Procedure provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; (2) pursuant to state law in which the district court is located or in which service is effected; (3) by delivering a copy of the summons and complaint to the individual defendant personally; (4) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The district court is located in Florida. Florida law provides that individuals may be served by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's

usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) on the spouse; (4) or on an authorized agent. Fla. Stat. §§ 48.031, 48.151. Strict compliance with the statute is required for substitute service. *See, Hovarth v. Aetna Life Ins. Co.,* 634 So. 2d 240 (Fla. App. 1994).

Defendant allegedly resides in California. Under California law, Code of Civil Procedure (C.C.P.) §§ 415.10, *et seq.*, service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and acknowledgment of receipt; (2) by delivering a copy of the summons and complaint to the individual defendant personally; (3) by leaving a copy of the summons and complaint at the individual defendant's office; or (4) by leaving a copy of the summons and complaint at the individual defendant's "dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box," plus mailing to the location at which the summons and complaint have been left. If substitute service is used, service is complete on the tenth day after the copies are mailed. C.C.P. § 415.20(b).

Substitute service can be used only when the summons "cannot with reasonable diligence be personally delivered." C.C.P. § 415.20(b). Ordinarily, two or three attempts at personal service at a proper place will satisfy the reasonable diligence requirement. *Bein v. Brechtel-Jochim Group, Inc.,* 6 Cal. App. 4th 1387, 1391-92, 8 Cal. Rptr. 2d 351.

Very few cases have addressed the effectiveness of substitute service under California law when the usual mailing address is a private or commercial post office box. The first case to address the issue, *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610 (C.D. Cal.1995), concluded that

substituted service at a private mail box address did not comply with C.C.P. § 415.20(b).  *Id*. at 613.

The *Bonita* court first reasoned that due process required notice that is reasonably calculated to inform

interested parties of the pendency of the action and that the owner of a private post office box

company lacked a sufficient relationship to its customer to assure that the customer will receive actual

notice of the pending proceeding.  *Id.* at 613-14.  Second, the *Bonita* court interpreted the statute as

expressing the intent of the California legislature to preclude substitute service at postal boxes.  *Id*.

at 614.  Lastly, because the complaint was a complaint in intervention and service could have been

made pursuant to Fed. R. Civ. P. 5(b), the court found the substitute service was insufficient because

"a better method of service was easily available."  *Id*.

      The *Bonita* decision subsequently was rejected by another district court and a California Court

of Appeal.  In *Burrows v. City of League City, Texas*, 985 F. Supp. 704 (S.D. Tex. 1997), the court

found that the clear and unequivocal language of C.C.P. § 415.20(b) prohibited service only at a

United States Postal Service post office box.  *Id*. at 706.   Substitute service at a private post office

box, therefore, was effective.  *Id*.  Similarly, in *Ellard v. Conway*, 94 Cal. App. 4th 540, 114 Cal. Rptr.

2d 399 (2001), the court found that the plain language of the statute authorized service at a defendant's

usual mailing address, "which includes private/commercial post office box."  *Id*. at 546, 114 Cal. Rptr.

2d at 402-03.  The *Ellard* court also found that the manager of the commercial post office box who

knew the lessees of the post office box and who had a duty to its lessees, made it more likely than not

that the manager would deliver the summons and complaint to the lessee.  *Id*. at 547, 114 Cal. Rptr.

2d at 403.

This Court also must reject the *Bonita* decision to the extent that it interprets the legislative intent of C.C.P. § 415.20(b) as including private or commercial post office boxes.  In construing a statute, the district court first looks to the plain language of the statute.  *See Albernaz v. United States*, 450 U.S. 333, 336 (1981); *accord, United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998). Words are interpreted with their ordinary and plain meaning because the Courts assume that the legislature uses words in a statute as they are commonly understood.  *See, Veal*, 153 F.3d at 1245; *United States v. McLeod*, 53 F.3d 322, 324 (11th Cir.1995).   Review of legislative history is unnecessary "unless a statute is inescapably ambiguous." *Veal*, 153 F.3d at 1245; *Solis-Ramirez v. U. S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam);  *accord, United States v. Rush*, 874 F.2d 1513, 1514 (11th Cir.1989) (where statutory language is clear, the Court will not create an ambiguity with legislative history).   The plain language of the statute is conclusive as clearly expressing legislative intent unless the resulting application would be "absurd" or "internal inconsistencies" must be resolved.  *See United States v. Turkette*, 452 U.S. 576, 580 (1981)*; Veal*, 153 F.3d at 1245.  When statutory language is clear and unambiguous, it controls interpretation "absent a legislative intent to the contrary."  *United States v. Grigsby*, 111 F.3d 806, 816 (11th Cir. 1997). C.C.P. § 415.20(b) is clear and unambiguous, and there is no need to resort to legislative intent to interpret the statute.

Consistent with *Bonita*, however, the Court does consider due process and whether, under all of the circumstances, the method of service was reasonably calculated to give actual notice to the defendant.  *See, Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950); *Arrington v. Helms*, 438 F.3d 1336, 1349-50 (11th Cir. 2006).   The Constitution does not require personal

-5-

service in every case, nor does it require a party to use the method "most likely" to reach the interested party. *See Greene v. Lindsay*, 456 U.S. 444, 455 (1982); *Arrington*, 438 F.3d at 1350 ("Due process is a flexible concept that varies with the particular circumstances of each case, and myriad forms of notice may satisfy the *Mullane* standard."). The plaintiff must make reasonably diligent efforts to locate the interested party, but "extraordinary" efforts are not required. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4 (1983). Whether due process is satisfied is a fact-specific inquiry.

III.   **ANALYSIS**

The process server's delivery of a copy of the summons and complaint to the assistant manager of a commercial post office box, followed by mailing a copy of the summons and complaint to the same address does not satisfy service of process requirements under federal law or Florida law. While this method of service may be authorized by California law, the return of service filed by the process server nevertheless is facially insufficient. Plaintiff's motion also is premature.

A.   **Plaintiff's Motion for Default is Premature**

The proof of service shows that substitute service was made on May 3, 2006. Under California law, service was not complete until ten days later. C.C.P. § 415.20(a). The summons allegedly served on Defendant stated that Defendant had 20 days after service of the summons to serve an answer on the Plaintiff, and that the answer must be filed with the Court "within a reasonable period of time after service." Docket 12 at 2. The latest date for Defendant to serve an answer upon Plaintiff is June 2, 2006. Plaintiff's motion for entry of default filed on May 25, 2006, therefore, is premature.

-6-

B.     **Plaintiff Fails to Establish Service Under California Law**

Even if Plaintiff's motion were not premature, it would still fail.  Plaintiff fails to show that he properly served Defendant under California law.  Substitute service under California law is allowed only when diligent efforts have been made to serve process personally.  C.C.P. § 415.20(b).  In this case, the process server's affidavit contains no statement regarding any efforts at personal service.  The process server's affidavit also is facially deficient in that it fails to state that: the UPS Store's assistant manager was the person apparently in charge of the postal boxes; the UPS Store's assistant manager was at least 18 years old; the process server informed the UPS Store's assistant manager of the contents when the copy of the summons and complaint was left him; and the process server mailed a copy of the summons and complaint to the defendant by first-class mail, postage prepaid.  See C.C.P. § 415.20(b).[1]

Even if the Court were to rely on to Defendant's unsworn motion for an extension of time, in which Defendant stated that the process server had been unable to contact Defendant at his last known residence, no information is provided regarding the nature or extent of Plaintiff's efforts to locate Defendant's residence and to serve him there.  The Court is given no information whether the last known residential address was valid and Defendant was avoiding service of process, or whether Defendant had moved and no new residential address could be ascertained.  Further, to satisfy due process, Plaintiff must make a showing of why he believes the UPS Store address is Defendant's usual

---

[1] The Court also notes that California law also requires registered process servers to include on the proof of service the county in which he or she is registered and his or her registration number. C.C.P. § 417.40; Cal. Bus. & Prof. Code § 22360. This information is missing from the affidavit submitted by the process server in this case.

mailing address, and that service of process on that address is reasonably calculated to give notice to Defendant.

Comparing these facts to the facts in the *Ellard* case, Plaintiff falls short of showing that due process was satisfied.  In *Ellard*, the process server noted that mail for someone other than the defendants was being delivered to the defendants' last known residential address; the gate guard for the neighborhood informed the process server that the defendants had moved; the defendants had informed the United States Postal Service of a forwarding address at a commercial post office box; and the manager of the commercial post office box knew the defendants and confirmed that they received mail at that address.  *Ellard*, 94 Cal. App. 4th at 545-47, 114 Cal. Rptr. 2d at 402-03.  Indeed, the defendants in *Ellard* received actual notice of the law suit two weeks before the answer was due. *Id*. at 548, 114 Cal Rptr. 2d at 404.

## CONCLUSION

The Court denies without prejudice Plaintiff's motion for Clerk's default.  Plaintiff's motion is premature, and Plaintiff has failed to establish that Defendant has been served with process in accordance with the law.  The Clerk is directed to serve a copy of this order and all future orders on the unrepresented party, Otis D. Lane.

**DONE** and **ORDERED** in Orlando, Florida on June 1, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-8-

Unrepresented Party:
     Otis D. Lane
     2202 S. Figueroa St., #219
     Los Angeles, CA 90007